**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DOMINIC MILLER,

    Defendant - Appellant.

No. 15-1127
(D.C. No. 1:14-CR-00156-JLK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Defendant-Appellant Dominic Miller was observed jaywalking by officers in a gang intervention unit. 2 R. 26. He made eye-contact with the officers, reached into his front pocket, and then ran. Id. at 25. The officers caught him, and placed him into custody. Id. They discovered that he was carrying a loaded, stolen firearm and crack cocaine while on parole from state aggravated robbery

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

conviction.  Id. at 26.  He pleaded guilty to possession of a firearm by a prohibited person, 18 U.S.C. § 922(g) and 924(a)(2) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Count 3).  With a total offense level of 19 and criminal history category of IV, Mr. Miller's guideline range for Count 1 was 46–57 months.  2 R. 35.  He was sentenced to 106 months' imprisonment––46 months on Count 1 and the mandatory minimum (and consecutive) five years on Count 3—and five years' supervised release.  1 R. 77–78.  The probation officer had recommended a variant one-month sentence on Count 1, and the government had requested forty months on Count 1.  Mr. Miller appeals his sentence as substantively unreasonable, arguing that the district court improperly treated his intellectual disability (mild mental retardation) as an aggravating factor under 18 U.S.C. § 3553(a).  We affirm.

Our decision in this case is dictated by the standard of review applied to a district court's sentencing decision.  We review such decisions for an abuse of discretion.  Gall v. United States, 552 U.S. 38, 46 (2007).  We discern no procedural error in the sentence, so we next consider the substantive reasonableness.  Id. at 51.  A district court abuses its discretion when the sentence imposed "exceeded the bounds of permissible choice," United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotations omitted), and is thus "arbitrary, capricious, whimsical, or manifestly unreasonable."  United States v.

- 2 -

Gantt, 679 F.3d 1240, 1249 (10th Cir. 2012) (quoting United States v. Sayad, 589 F.3d 1110, 1116 (10th Cir. 2009)).

The sentence in this case is within the guideline range and thus carries a rebuttable presumption of reasonableness. See United States v. Sells, 541 F.3d 1227, 1237 (10th Cir. 2008) (citing United States v. Kristi, 437 F.3d 1050, 1054 (10th Cir. 2006)). Mr. Miller suggests that because the district court explicitly denied reliance on the guidelines, the presumption has been overcome. But a "concurrence between the Sentencing Commission's 'wholesale' judgment and the district court's independent 'retail' judgment" provides "strong evidence of the reasonableness of the ultimate sentence imposed." McComb, 519 F.3d at 1053 (quoting Rita v. United States, 551 U.S. 338, 348 (2007)).

Mr. Miller also argues that the district court improperly emphasized his intellectual disability in arriving at his sentence, treating it as an aggravating factor. Mr. Miller made a strong argument for a variance given his low level of intellectual functioning and susceptibility to manipulation. 1 R. 25–35. However, in our appellate capacity, we may not substitute our discretion for that of the district court. See Gall, 552 U.S. at 51. In fact, precisely because of Mr. Miller's disability, the district court refused to consider the statutory criterion of punishment in assessing the sentence. The court nevertheless determined that Mr. Miller's extensive, violent criminal history indicated a need to protect the public. "We may not examine the weight a district court assigns to various § 3553(a)

factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo," but must defer to the district court's decision.  United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge